# United States District Court

Northern District of Texas
Amarillo Division

**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FILED**

MAY 25 2006

CLERK, U.S. DISTRICT COURT
By _____
Deputy

UNITED STATES OF AMERICA

v.   Case Number   2:03-cr-123-J(01)

PHILIP STEVEN DILLER
   Defendant.

## JUDGMENT IN A CRIMINAL CASE
(For **Revocation** of Probation or Supervised Release)
(For Offenses Committed On or After November 1, 1987)

The defendant, PHILIP STEVEN DILLER, was represented by Bonita L. Gunden.

**THE DEFENDANT:**

Admitted guilt of violation of condition(s) of the term of supervision in that: 1. On or about February 4, 2006, he consumed alcohol; 4. On or about October 27, 2004, the defendant used or possessed marijuana, an illegal controlled substance.

-

Certified copy of the Judgment imposed on March 3, 2004, in the Northern District of Texas, Amarillo Division, is attached.

As pronounced on May 24, 2006, the defendant is sentenced as provided in pages 1 through 4 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Signed this the __24th__ day of May, 2006.

_____
DISTRICT JUDGE MARY LOU ROBINSON
UNITED STATES DISTRICT COURT

Defendant's SSN:
Defendant's Date of Birth:
Defendant's Address:
Defendant's USM No:

**REDACTED**

Defendant: PHILIP STEVEN DILLER                                  Judgment--Page 2 of 4
Case Number: 2:03-cr-123-J(01)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 24 months.

The Court makes the following recommendations to the Bureau of Prisons: that cost of incarceration fee is waived. Further that defendant participate in the Residential Drug Treatment Program and subject to that, that defendant be incarcerated as close to Amarillo, TX, as is consistent with defendant's classification.

The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

                                            _____
                                            United States Marshal

                                      By _____
                                            Deputy Marshal

Defendant: PHILIP STEVEN DILLER                                        Judgment--Page 3 of 4
Case Number: 2:03-cr-123-J(01)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 2 years.

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable)

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Fine and Restitution sheet of the judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer within 10 days of any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: PHILIP STEVEN DILLER                                                                 Judgment--Page 4 of 4
Case Number: 2:03-cr-123-J(01)

## SPECIAL CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1. The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

2. The defendant shall report in person to the U. S. Probation Office in the district to which the defendan t is released within 72 hours of release from the custody fo the Federal Bureau of Prisons.

3. The defendant shall refrain from incurring new credit charges or opening additional lines of credit without approval of the U. S. Probation Officer.

4. The defendant shall provide to the U.S. Probation Officer any requested financial information.

5. The defendant shall participate in mental health treatment services as directed by the U.S. Probation Officer until successfully discharged. These services may include prescribed medications by a licensed physician. The defendant is further ordered to contribute to the costs of services rendered (co-payment) at a rate of at least $5.00 per month.

6. The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $5.00 per month.

Case 2:03-cr-00123-J   Document 48   Filed 05/25/06   Page 5 of 9   PageID 119
Case 2:03-cr-00123   Document 31   Filed 03/04/2004   Page 1 of 5
AO 245 S (Rev. 1/01) Sheet 1 - Judgment in a Criminal Case

# United States District Court
### Northern District of Texas
#### Amarillo Division

UNITED STATES OF AMERICA

v.   Case Number  2:03-cr-123-J(04)

PHILIP STEVEN DILLER
  Defendant.

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR – 4 2004
CLERK, U.S. DISTRICT COURT
By _____

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, PHILIP STEVEN DILLER, was represented by Bonita L. Gunden.

On motion of the United States, the court has dismissed the remaining counts of the indictment as to this defendant.

The defendant pleaded guilty to count(s) One (1) of the indictment filed on November 5, 2003. Accordingly, the defendant is adjudged guilty of such count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 18 U. S. C. §1708 | Bought, Received, Concealed, or Possessed Stolen Mail Matter | 9/24/03 | 1 |

As pronounced on March 3, 2004, the defendant is sentenced as provided in pages 1 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100.00, for count(s) 1, which shall be due immediately. Said special assessment shall be made to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Signed this the __4th__ day of March, 2004.

_____
MARY LOU ROBINSON, DISTRICT JUDGE
UNITED STATES DISTRICT COURT

Certified a true copy of an instrument
on file in my office on May 24, 2006
Clerk, U.S. District Court,
Northern District of Texas
By _____ Deputy

AO 245 S (Rev. 1/01) Sheet 4 - Probation

Defendant: PHILIP STEVEN DILLER                                                                  Judgment--Page 2 of 5
Case Number: 2:03-cr-123-J(01)

# PROBATION

The defendant is hereby placed on Probation for a term of 3 years.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

      The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release of placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

      If this judgment imposes a fine or a restitution obligation, it shall be a condition of Probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of Probation in accordance with the Fine and Restitution sheet of the judgment.

      The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF PROBATION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 01/01) Sheet 3a - Probation

Defendant: PHILIP STEVEN DILLER                                     Judgment--Page 3 of 5
Case Number: 2:03-cr-123-J(01)

## SPECIAL CONDITIONS OF PROBATION

While the defendant is on supervised release pursuant to this Judgment:

1. The defendant shall pay a fine to the United States in the amount of $250.00 payable to the U. S. District Clerk, 205 East 5th Street, Amarillo, TX. If the fine has not been paid in full within 30 days, the defendant shall make payments on the unpaid balance at the rate of at least $50.00 per month until the fine is paid in full.

2. Payment toward the fine will begin only after restitution has been paid in full. Further, it is ordered that interest on the unpaid balance is waived pursuant to 18 USC §3612(f)(3).

3. The defendant shall pay restitution in the amount of $652.55, payable to the U.S. District Clerk, 205 East 5th Street, Amarillo, TX,,for disbursement to:

>  Bank of America
>  1700 South Coulter
>  Amarillo, TX
>  $285.00
>  Account No. 1447076
>
>  Amarillo National Bank
>  Box 1, Plaza One
>  Amarillo, TX 79101
>  $272.50
>  Account No. 398268
>
>  The People's Federal Credit Union
>  P. O. Box 9335
>  Amarillo, TX 79105
>  $95.05
>  Account No. 311376753

If the restitution has not been paid in full within 30 days, the defendant shall make payments on such unpaid balance at the rate of at least $60.00 per month until the restitution is paid in full. Further, it is ordered that interest on the unpaid balance is waived pursuant to 18 USC § 3612(f)(3).

4. The defendant shall refrain from incurring new credit charges or opening additional lines of credit without approval of the U.S. Probation Officer.

5. The defendant shall provide to the U.S. Probation Officer any requested financial information.

6. The defendant shall participate in mental health treatment services as directed by the U.S. Probation Officer until successfully discharged. These services may include prescribed medications by a licensed physician. The defendant is further ordered to contribute to the costs of services rendered (co-payment) at a rate of at least $5.00 per month.

AO 245 S (Rev. 01/01) Sheet 6 - Restitution

Defendant: PHILIP STEVEN DILLER  Judgment--Page 4 of 5
Case Number: 2:03-cr-123-J(01)

# RESTITUTION

The defendant shall make restitution (including community restitution) to the following persons in the following amounts:

**Name of Payee**
Clerk, U. S. District Court                              $652.55
205 East 5th Avenue
Amarillo, TX 79101
for disbursement to:

Bank of America
1700 S. Coulter
Amarillo, TX
$285.00
Account No. 1447076

Amarillo National Bank
Box 1, Plaza One
Amarillo, TX 79101
$272.50
Account No. 398268

The People's Federal Credit Union
P. O. Box 9335
Amarillo, TX 79105
$95.05
Account No. 311376753

If the restitution has not been paid in full within 30 days, the defendant shall make payments on such unpaid balance at the rate of at least $60.00 per month until the restitution is paid in full.  Further it is recommended that interest on the unpaid balance be waived pursuant to 18 U. S. C. §3612(f)(3).

Payments of restitution are to be made to the United States District Clerk.

AO 245 S (Rev. 1/01) Sheet 5 - Fine

Defendant: PHILIP STEVEN DILLER                                                            Judgment--Page 5 of 5
Case Number: 2:03-cr-123-J(01)

## FINE

The defendant shall pay a fine to the United States in the amount of $250.00, payable to the U. S. District Clerk, 205 East 5th Street, Amarillo, TX 79101. If the fine has not been paid in full within 30 days, the defendant shall make payments on such unpaid balance at the rate of at least $50.00 per month, until the fine is paid in full.  This fine includes any costs of incarceration and supervision.

This fine shall be paid within 30 days.

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f).

The Court determines that the defendant does not have the ability to pay interest and therefore waives the interest requirement pursuant to 18 U.S.C. § 3612(f)(3).

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.